E-FILED
Monday, 18 October, 2010 10:13:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON THOMPSON,
   Plaintiff,

vs.                       No. 10-1251

STEVEN TALLER, et.al.,
   Defendants

## MERIT REVIEW ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

### I. BACKGROUND

     The plaintiff, Stanton Thompson, has filed a confusing array of documents. The plaintiff's first page is a letter stating that the has "six new" complaints that he would like to file. The court instructed the clerk to file the documents as one lawsuit since they were difficult to distinguish rather than open several lawsuits and require several filing fees. In addition, the court notes that this plaintiff has previously accumulated three strikes.[1] The plaintiff has repeatedly been advised that if he wishes to proceed *in forma pauperis* in a §1983 lawsuit concerning prison conditions "he **MUST** inform the court that he has accumulated three strikes and state why he believes he is in imminent danger. Failure to inform the court of his three strikes status will result in immediate dismissal of his lawsuit." *Stanton v Quinn,* Case No. 10-1082, July 1, 2010 Merit Review Order #3, p. 3; *see also Thompson v. Ester,* Case No. 10-1212, July 1, 2010 Order, p. 4; *Thompson v Runyon,* Case No. 10-1204, July 23, 2010 Dismissal Order, p. 1; *Thompson v Mahone* Case No. 10-1207, July 1, 2010 Merit Review Order, p. 2; *Thompson v Ford,* Case No. 10-1218, July 23, 2010 Dismissal Order, p. 1.

     The court notes that the plaintiff is a serial litigator who has filed numerous lawsuits repeating the same claims against the same defendants. *See Thompson v Quinn,* Case No. 10-1051; *Thompson v Quinn,* Case No. 10-1065; *Thompson v Quinn,* Case No. 10-1082; *Thompson*

---

[1] *See Thompson v Quinn,* Case No. 10-1101; *Thompson v.Ester,* Case No. 10-1212; *Thompson v.Firman,* Case No. 10-1205 in the Central District of Illinois, and *Thompson v Bui,* Case No. 10-3134 in the Northern District of Illinois.

1

*v Quinn,* Case No. 10-1101; *Thompson v Davidson,* Case No. 10-1126; *Thompson v Hardy,* Case No. 10-1129; *Thompson v Davis,* Case No. 10-1130; *Thompson v Hopkins,* Case No. 10-1136; *Thompson v Ryker,* Case No. 10-1141; *Thompson v Allen,* Case No. 10-1151; *Thompson v Pierce,* Case No. 10-1155; *Thompson v Randle,* Case No. 10-1156; *Thompson v Taller,* Case No. 10-1162; *Thompson v Circuit Breaker Illinois Department on Aging, et. al,* Case No. 10-1172; *Thompson v Lemke,* Case No. 10-1172; *Thompson v Angel,* Case No. 10-1177; *Thompson v Small,* Case No. 10-1179; *Thompson v Reed,* Case No. 10-1182; and *Thompson v Giese,* Case No. 10-1191.

Consequently, the court has also repeatedly admonished the plaintiff that if he continues to file multiple lawsuits repeating the same allegations:

> he could face sanctions up to and including an order that all papers he tenders to the clerk of the court be returned unfiled until he pays all outstanding fees in all civil actions he has filed. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). The cumulative effect of the plaintiff's lawsuits clogs the court process and burdens court staff to the detriment of litigants with meritorious claims. In addition, the plaintiff continued pursuit of the same claims against the same defendants borders on harassment." *Stanton v Quinn,* Case No. 10-1082, Merit Review Order #3, p. 3; *see also Thompson v.Ester,* Case No. 10-1212, July 1, 2010 Order, p. 4.

## II. MERIT REVIEW

The plaintiff's current submission to the court is as follows:

The first two pages are copies of the caption page from a standard §1983 complaint form. The plaintiff lists defendants on both pages. A few are repeated on both pages, but most are different. In all, he names 19 defendants including: Governor Quinn, Michael Lemke, Marvin Reed, D. Brown, Mike Melvin, Wayne Germain, Michael Randle, Guy Pierce, Daniel Small, J. Allen, McNabb, Ms. Rich, M. Floyd, J Ford, Brian Fairchild, Robert Fews, Sarah Johnson, Karen Beecher, and Lous Shicker. The plaintiff says from August of 2007 to July of 2010 he has filed over 800 grievances and the defendants have refused to fix the problems or investigate his claims.

This allegation is similar to several claims the plaintiff has previously made alleging that he has complained to the these defendants about numerous problems, but they have failed to take any action. In addition, the plaintiff has failed to state a violation of his constitutional rights. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005).

The plaintiff next includes another caption page and renames Defendants Quinn, Randle, Pierce, Reed, Allen and adds Defendants Runyon and Donna Colley. (Comp., p. 5) Instead of stating additional claims, the plaintiff has included trust fund ledgers, a motion for appointment of counsel and a motion to proceed *in forma pauperis*.

The plaintiff then has another caption page and renames Defendants Runyon, Lemke, Quinn, Randle, Pierce, Reed, Allen and Cooley and adds Defendant Sylvia Mahone. (Comp., p. 24). The plaintiff does not state any claims, but includes trust fund ledgers and another motion to proceed *in forma pauperis*.

The plaintiff has included a fifth caption page renaming defendants Mahone, Brown, Runyon, Germaine, Lemke, Melvin, Pierce, Quinn, Randle, Reed, Rich, McNabb, Jones, Schwartz, and adding new Defendants Hamilton, Martin Ester, Steven Staller and Mark Spencer. (Comp, p. 32). This time the plaintiff claims that from August of 2008 to July 2010 he has complained to each defendant that the light switch in his cell is too high and needs to be lowered. This is clearly not a violation of the plaintiff's constitutional rights and he has brought this same claim before the court on a previous occasion. *See Thompson v. Ester,* Case No. 10-1212.

The plaintiff includes two final caption pages. The first renames Defendants Jones, McNabb and Lemke. The second names Defendant Angle, Taxpayer Advocate Services, National Taxpayer Advocate and Tracey Bui. No claims or allegations are included, but the court notes that the plaintiff has sued these individuals before.

The court cannot decipher what the plaintiff was intended with this group of documents. If the plaintiff wished to open six new lawsuits, each lawsuit would need to state distinct claims. The plaintiff would also have to pay the filing fee for each lawsuit or explain why he was in imminent danger of physical injury in order to proceed *in forma pauperis*.

Nowhere in the 39 pages submitted by the plaintiff does he list his previous lawsuits, nor does he mention his three strikes status. The plaintiff has not demonstrated that he is in imminent danger and has not paid the filing fee. The only claims the plaintiff has articulated are frivolous and repeat claims he has previously brought before this court. The plaintiff has named defendants that he has repeatedly named in his previous lawsuits. The plaintiff continues to ignore the warnings and orders of this court.

Therefore, until the plaintiff has paid in full the outstanding fees in all civil actions he has filed, the clerk of the court will return unfiled all papers he tenders. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). The plaintiff was previously admonished that such an order would be entered if he continued to file the same frivolous claims against the same defendants. *Stanton v. Quinn,* Case No. 10-1082, July 1, 2010 Merit Review Order #3, p. 3; *see also Thompson v. Ester,* Case No. 10-1212, July 1, 2010 Order, p. 4; *Thompson v Runyon,* Case No. 10-1204, July 23, 2010 Dismissal Order, p. 1; *Thompson v*

*Mahone* Case No. 10-1207, July 1, 2010 Merit Review Order, p. 2;  *Thompson v Ford,* Case No. 10-1218, July 23, 2010 Dismissal Order, p. 1.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed in its entirety for failure to inform the plaintiff's failure to inform the court that he had "struck out" under 28 U.S.C. § 1915(g); failure to pay the filing fee; failure to state a claim upon which relief could be granted and failure to follow the previous orders of this court. This case is dismissed with prejudice.**

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3) The plaintiff shall notify the clerk of the court of a change of address within seven days of such change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**5) The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed.** *See Sloan v. Lesza***. 181 F.3d 857, 859 (7th Cir. 1999);** *Support Systems International, Inc. v. Mack***, 45 F.3d 185 (7th Cir. 1995).**

Enter this 18th day of October, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE